**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: October 2, 2020
Date Decided: October 2, 2020

William M. Lafferty, Esquire
Thomas W. Briggs, Jr., Esquire
Ryan D. Stottmann, Esquire
Zi-Xiang Shen, Esquire
Sara Toscano, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

John D. Hendershot, Esquire
Blake Rohrbacher, Esquire
Kevin M. Gallagher, Esquire
Matthew W. Murphy, Esquire
Elizabeth A. Heise, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Re: *In re Comtech/Gilat Merger Litigation*
Consolidated C.A. No. 2020-0605-JRS

Dear Counsel:

I have your correspondence addressing the parties' disagreements regarding the order of witness presentation at trial (particularly, Comtech's expert witnesses) and the admission of expert reports as evidence. To follow are my rulings on these issues.

**Order of Witnesses**

"It is well settled that the trial judge is vested with wide discretion in regulating the conduct of the trial, including the mode and order of interrogating

witnesses and presenting evidence."[1]  One of the goals in exercising this regulatory authority is to promote the "effective [] determin[ation] of the truth."[2]  The accommodation of effective cross-examination, in my view, furthers this goal.[3]  Accordingly, given the temporal proximity of expert depositions to trial,[4] driven in part by Comtech's request for accommodation, it is appropriate that Comtech present its experts for cross-examination no earlier than Tuesday.  Monday will be devoted (and limited) to the presentation of fact testimony.

### The Admissibility of Expert Reports

In a rare twist for a Chancery trial, the parties disagree on whether expert reports prepared by experts who will testify at trial are (or should be) admissible at trial.  In my experience, parties typically agree to admit the reports of testifying experts in Chancery as a means to streamline (and focus) the trial presentations while also giving the factfinder important information that undoubtedly will inform the

---

[1] *Buckham v. State*, 165 A.3d 1, 8 (Del. 2018).

[2] D.R.E. 611(a)(1).

[3] *Cf. Wheeler v. State*, 36 A.3d 310, 317 (Del. 2012) (noting that subjecting testimony to the "crucible of [effective] cross-examination" is of utmost importance to the truth seeking process).

[4] Expert depositions will conclude a day before this expedited trial is to commence.

post-trial verdict. In my view, this is sound trial practice and it should be encouraged.

As noted, the question of whether the report of a testifying expert is admissible under our Rules of Evidence is rarely called in this court, so it is not surprising that the case law is sparse. The issue arises more frequently in our sister court, the Superior Court, where the judges are of a view that "[e]xpert reports are generally inadmissible at trial."[5] This court has repeated that general proposition with approval.[6] But this court has also observed that an expert's report "falls outside the definition of hearsay" when the expert testifies at trial and is subject to cross-examination.[7]

As a matter of practice and fairness, this perception of the hearsay rule's application to the report of testifying experts makes sense since the court has

---

[5] *Bangs v. Follin*, 2017 WL 129043, at *2 (Del. Super. Ct. Jan. 13, 2017) (citing cases).

[6] *A. Schulman, Inc. v. Citadel Plastics Hldgs., LLC*, 2018 WL 2723904, at *1 (Del. Ch. June 5, 2018) ("Generally, expert reports are not admissible as evidence as the report constitutes hearsay.") (citations omitted); *Zohar II 2005-1, Ltd. v. FSAR Hldgs., Inc.*, 2017 WL 1732334, at *2 (Del. Ch. May 3, 2017) (same).

[7] *A. Schulman, Inc.*, 2018 WL 2723904, at *1 (citing *Paron Capital Mgmt., LLC v. Crombie*, 2012 WL 214777, at * 3 (Del. Ch. Jan. 24, 2012)).

discretion to allow the cross-examiner to question the expert witness about matters in his report even if the witness did not address such matters in his direct testimony.[8] In apparent recognition of this discretion, the parties here agreed in their Joint Pre-Trial Stipulation and Order that "Parties may [] cross-examine without limitation to the scope of direct examination. . . ."[9] This right of unfettered cross-examination allows a party to vet and challenge before the court all aspects of the expert's opinions, regardless of whether *vel non* the topics were featured in the proffering party's direct examination of the witness.

Of course, a keen observer might well discern that the foregoing analysis is detached from the Rules of Evidence. The definition of hearsay in our rules is, "a statement that the declarant does not make while testifying at the current trial or hearing and a party offers in evidence to prove the truth of the matter asserted."[10]

---

[8] *See Torres v. State*, 602 A.2d 1082 (Del. 1991) (TABLE) (citing D.R.E. 611(b), which allows the trial judge discretion to permit cross-examination "into additional matters as if on direct examination").

[9] Joint Pretrial Stipulation and Order, ¶ 58 (D.I. 177).

[10] D.R.E. 801(c)(1) & (2). This assumes the statements within report of the testifying expert are not inconsistent with his in-court testimony, are not offered to rebut a charge of fabrication or are not offered to rehabilitate the expert's credibility. Any such use of the

Because the expert does not "make" the statements within his report "while testifying at the current trial," the statements within report, at least arguably, are hearsay.[11] Assuming the report of the testifying expert taps each of the markers of hearsay, on what basis could this court conclude that the report, nevertheless, is admissible under our rules of evidence? In my view, the answer lies in Rule 807 and the policy animating that rule.[12] The hearsay rule ensures that the factfinder is

---

report would, by codified definition, fall outside the hearsay proscription. D.R.E. 801(d)(1).

[11] I note that this court has taken a different view on this point, finding that when the expert is subject to cross-examination, "the declarant essentially made the challenged statements [in his report] while testifying." *Paron Capital Mgmt., LLC*, 2012 WL 214777, at *3. While this is certainly a pragmatic view of the dynamic at work when the testifying expert's report is presented as evidence at trial, for reasons I explain here, I don't think it is necessary theoretically to teleport the expert through time from his office desk, when preparing the report, to the courtroom, when testifying, in order to justify the admission of the report as evidence.

[12] D.R.E. 807: "(a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804: (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these Rules and the interests of justice. (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it."

exposed only to "trustworthy" evidence as it engages in its search for the truth.[13]

When hearsay statements are accompanied by "circumstantial guarantees of

trustworthiness," and satisfy the other codified elements of Rule 807, those

statements will be admitted in evidence even if they do not satisfy any of the other

codified exceptions to the hearsay rule.[14]  While our trial courts must be, and are,

careful to apply Rule 807's residual exception "narrowly so that the exception does

not swallow the hearsay rule,"[15] Rule 807 exists for a reason–to ensure that the

hearsay rule "is not applied mechanistically to defeat the ends of justice."[16]

In my view, the "ends of justice"—and, relatedly, the search for truth—would

be frustrated by prohibiting the parties from introducing reports prepared by their

testifying experts, at least in this case.  I say this for several reasons.  First, the expert

reports have been exchanged in sufficient advance of trial to allow counsel to digest

---

[13] *Purnell v.* State, 979 A.2d 1102, 1107 (Del. 2009); *Stigliano v. Anchor Packing Co.*, 2006 WL 3026168, at *1 (Del. Super. Ct. Oct. 18, 2006).

[14] D.R.E. 807(a) ("a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception" if it meets all of the elements laid out in the rule and the proffering party gives notice of the intent to offer the statement).

[15] *Stigliano*, 2006 WL 3026168, at *1 (citation omitted).

[16] *Demby v. State*, 695 A.2d 1152, 1157 (Del. 1997).

them fully. Second, the experts have been subject to thorough depositions; their opinions have been soundly vetted in advance of trial. Third, as noted, the experts will be subject to "the crucible" of unfettered cross-examination at trial on any aspect of their report counsel wishes to address. Fourth, the experts are addressing matters of material importance on matters uniquely susceptible to expert proof. Fifth, both parties have been placed on notice in advance of trial that reports of testifying experts may be offered as evidence of trial. And finally, as factfinder, I am certain I will find the expert reports of use as I deliberate the evidence and reach my verdict following this expedited trial.

For these reasons, I will admit the reports of testifying experts as evidence at trial.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*